UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROGER B. HARGRAVE # 335903, | * | CIVIL ACTION NO.: |
| Jessup Correctional Institute | * | |
| P.O.B. 534 | * | SECTION: |
| Jessup, MD 20794, | * | |
| PLAINTIFF | * | JUDGE: |
| | * | |
| VS. | * | |
| | * | |
| ACS HCM & STATE & LOCAL | * | |
| SOLUTIONS, | * | |
| P.O.Box 1014 | * | |
| Totowa, NJ 07511-1014, | * | |
| DEFENDANT | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

   Defendant, ACS HCM & STATE & LOCAL SOLUTIONS[1] (hereinafter "ACS" or "Defendant"), files this Notice of Removal of this case from the Superior Court of the District of Columbia, Civil Division, where it is now pending, to the United States District Court for the District of Columbia. As the basis for removal, Defendants represent that:

1.

   ACS received a Notice and Acknowledgement of Receipt by Mail of a petition filed by Plaintiff in the Superior Court of the District of Columbia, Civil Division, entitled "Roger B. Hargrave v. ACS HCM Solutions," Case No.0001251-08, on March 20, 2008. (See Affidavit of Don Delorenz, attached as Exhibit 1.) The notice was received by ACS' legal department on March 31, 2008. A copy of the Petition is attached as Exhibit 2. On April 4, 2008, Defendant signed and mailed a waiver of service. A copy of the Waiver of Service is attached as Exhibit 3.

---

[1] ACS HCM & State and Local Solutions is one company. Therefore, there is only one defendant.

This state court action is within the jurisdiction of the United States District Court for the Eastern District of Louisiana.    Defendant, represented by the undersigned, consent to this removal.

2.

This action is one of a civil nature.    The Petition seeks monetary damages from Defendant, with Plaintiff alleging that she is entitled to the recovery of damages for wrongful termination in the amount of $100,000. See Exhibit 2.

3.

Upon information and belief, Plaintiff is citizen of Maryland.  See Exhibit 2.  Defendant ACS is incorporated in the State of Texas with its headquarters and principal place of business in Texas. See Exhibit 1.

4.

This action is removed pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 because the parties and interests are diverse, and a good faith reading of the Petition shows that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as Plaintiff has made claims against Defendant seeking monetary damages in the amount of $100,000. For this reason, removal is appropriate.

5.

Pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely because it is filed within 30 days after service of the Petition on Defendant ACS providing the basis for removal of this action. See Exhibits 1, 2 and 3.

6.

Removal to the United States District Court for the District of Columbia, is proper pursuant to 28 U.S.C. § 1446(a).

7.

This Notice of Removal, together with copies of all process, pleadings, and orders (see Exhibits 2 and 4) comply with the requirements of 28 U.S.C. § 1446 (a) and (b) as Defendant has provided a short and plain statement of the grounds of removal and have attached all documents from the action in State Court.

8.

Pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal has been filed in the Superior Court of the District of Columbia, Civil Division, and has been served on Plaintiff.  See Exhibit 5.  WHEREFORE, Defendants give notice that the action now pending in the Superior Court of the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia.

Respectfully submitted this 18 day of April, 2008.

_Thomas Woodford_
SAMUEL ZURIK*
A.  NICOLE SEALE*
TOM WOODFORD (DC Bar # 416015)
The Kullman Firm
A Professional Law Corporation
Post Office Box 60118
New Orleans, LA 70160
Telephone (504) 524-4162
Facsimile: (504) 596-4114
COUNSEL FOR DEFENDANT

*Application for admission pro hac vice pending

## CERTIFICATE OF SERVICE

I hereby certify that on this ⅛ day of April, 2008, I caused to be served a true and correct copy of the foregoing Notice of Removal, by United States mail, postage prepaid, upon the following:

> Roger B. Hargrave
> Jessup Correctional Institution
> Jessup Md. 20794

*Thomas Woodford*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Roger B.Hargrave #335903
Jessup Correctional Inst.
Jessup Md.20794

*Plaintiff*

0001251-08

*vs.*

CIVIL ACTION NO. _____

ACS. IICM & State & Local Solutions
P.O.BOX1014 Totowa,N.j 07511/
Wash.Dc.Offices: 1133 15th st.NW
& 1200 K st.NW.20005

*Serve: HR Dept. (No specific person)*

*Defendants*

*ACS 1133 15 st. & 12K st*   *Need an Address*
*NW Wash. DC. 20005*

**COMPLAINT**

*Serres: Todd Jackson & Johnny whitehead*

RECEIVED
Civil Clerk's Office
FEB 1 4 2008
Superior Court of the
District of Columbia
Washington, D.C.

1.  **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

    On 3/28/05 The Plaintiff, Roger Hargrave,Pro-se, was involuntary terminated
for using his company gas card while out on workmans comp., for a work related
incident in which during the use of said card was for theraphy and doctors visit
believed to be justifiable. The Plaintiff kept all reciepts as directed by his
supervisor, Todd M.Jackson whenever the card was used, for work related duties a
incidents. The Plaintiff often times used his personal vehicle to complete job r
lated task and was told as long as the reciepts were kept and turned in, i had n
supervisors ok. This job related injury happened on or about 2/12/05. The plaint
iff returned back to work, on light duty,THE THIRD week in March,05 when he was
approached by his supervisors, supervisor,Johnny Whitehead. The Plaintiff gas ca
was taken away an he was fired. The Plaintiff fills he was unjustly terminated a

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $** 100,000.00 Cm
**with interest and costs.**

                                                                    N/A
                                                            **Phone:**

**DISTRICT OF COLUMBIA, SS**

Roger B.Hargrave _____, **being first duly sworn on oath deposes and says that the**
**foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all**
**set-off and just grounds of defense.**

                                        _Roger B Hargrave_ #335903(Pro-se)
                                        **(Plaintiff**                    **Agent)**

**Subscribed and sworn to before me this** _28th_ **day of** _November_ **20** _07_.

                                        _Carolyn Murray_
                                        **(Notary Public/Deputy)**

FORM CV-101V Nov. 00        **NOTARIZED**

CAROLYN MURRAY
NOTARY PUBLIC OF THE STATE OF MARYLAND
My Commission Expires  1/30/08

EXHIBIT
1

## COMPLAINT CONTINUED

as a result is now serving a Life Sentence in prison. There are several factors that the Plaintiff will prove by preponderance of evidence that ACS should be held liable for wrongfull termination, thereby awarding the Plaintiff the monetary judgement sought. This judgement will allow the Plaintiff to pay the victim, in his criminal case, restitution for which this suit arises from.

Respectfully Submitted.

Roger Hargrave-535003
SCI,TCB. 534
Jessup Md.20094

**NOTARIZED**

CAROLYN MURRAY
NOTARY PUBLIC OF THE STATE OF MARYLAND
My Commission Expires 11/20/08

Carolyn Murray
11/28/07

to be placed with pink copy

**SCR CIV FORM 1-A**
**Notice and Acknowledgment for Service by Mail**
**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

Roger B. Hargrave
_____  *Plaintiff*

V.

Civil Action Number   **0001251-08**

ACS HCM (HR)SOLUTIONS
_____  *Defendant*

# RECEIVED

MAR 3 1 2008

**Affiliated Computer Services**
**Legal Department**

**NOTICE**

To:   Name   Human Resource Dept of(ACS)

Address   P.O.Box 1014 Totowa,NJ. 07511-1014

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) Feb.21, 2008 .

_Signature_ _____   _Date of Signature_ Feb. 21, 2008

**Acknowledgment of Receipt of Summons, Complaint and Initial Order**

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address) 1100 Poydras St. Suite 1600 New Orleans LA 70115

_Signature_ _____   _Relationship to Defendant/Authority_ Counsel to Defendant   _Date of Signature_ 4/9/08
                                         _To Receive Service of Process_

Form CV(6)-1590/Mar 97

EXHIBIT
2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ROGER B. HARGRAVE,          *     CIVIL ACTION NO.:
          PLAINTIFF        *
                          *     SECTION:
VS.                       *
                          *     JUDGE
ACS HCM & STATE & LOCAL    *
     SOLUTIONS,           *     MAGISTRATE NO.:
          DEFENDANT       *
                          *     MAGISTRATE:
* * * * * * * * * * * * * * * * * * * * * * * *

## AFFIDAVIT OF DON DELORENZ

BEFORE ME, the undersigned authority, personally came and appeared DON

DELORENZ, who, upon being first duly sworn, did depose and state:

1.      I have personal knowledge of the facts set forth in this Affidavit. I am over 21

years of age, and I am in all respects competent to testify to the matter stated herein.

2.      I am currently Vice President of Human Resource Compliance and Governance

for Affiliated Computer Services, Inc. ("ACS") and have been employed in that capacity since

November 2001. ACS is a multi-national corporation which provides a full range of outsourcing

services and solutions to businesses, government, and industry leaders. Although headquartered

in Texas, ACS operates facilities in every state and several countries, serving people from inside

and outside Texas, utilizing interstate mail and travel systems, and recruiting and advertising

outside Texas. ACS' employees have a far-flung network of company resources which they can

and do access across state and country lines.

3.      As Vice President of Human Resources and Compliance and Governance, I am

familiar with the personnel records of Roger Hargrave, the company's policies and procedures,



including the ACS Dispute Resolution Program ("DRP"), and the ethics and new hire training undergone by both continuing and new employees.

4.      Mr Hargrave was hired by ACS on April 22, 2002 as a mail clerk.  According to personnel documents, he was terminated on March 28, 2005 because  he misused company property.

5.      ACS has a comprehensive Dispute Resolution Program ("DRP") that provides ACS employees with a mandatory system for settling workplace conflicts.  (DRP, attached hereto as Ex. A-1.) Specifically, the DRP constitutes the exclusive means for ACS employees to resolve workplace disputes through the following four options:  Open Door; Internal Conference; Mediation; and, Arbitration.  Notably, the DRP automatically covered, and continues to cover, employere who accepted employment with ACS and continued their current employment with ACS after April 13, 2002, the effective date of the DRP.  The DPR covers all legal claims by employees, with the exception of workers and unemployment compensation, between the employee and ACS and the employee and others bound by the DRP.  Mr. Hargrave is bound by the DRP as it relates to his employment at ACS.

6.  Mr. Hargrave signed an acceptance of and agreement to ACS' DRP on July 30, 2002 as part of his employment application with ACS.  (Acceptance attached as Ex. A-2.)  The DRP is also included in ACS' Employee Guidebook

7.  ACS received a Notice and Acknowledgement of Service by Mail in civil action number 0001251-08, Roger B. Hargrave v. ACS HCM Solutions, on March 20, 2008.  The notice was received by ACS' Legal Department on March 31, 2008.

Executed this __/4th__ day of April, 2008.

DON DELORENZ

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 4th DAY OF _April_____, 2007.

_[signature]_
NOTARY PUBLIC

My Commission Expires: _April 16, 2010_

TINA KORNEGAY
Notary Public
State of Texas
My Comm. Exp. 4-16-2010

# *Dispute Resolution Plan and Rules*



## THE HALLIBURTON DISPUTE
## RESOLUTION PLAN

1.    **Purpose and Construction**

The Plan is designed to provide a program for the quick, fair, accessible, and inexpensive resolution of Disputes between the Company and the Company's present and former Employees and Applicants for employment, related to or arising out of a current, former or potential employment relationship with the Company. The Plan is intended to create an exclusive procedural mechanism for the final resolution of all Disputes falling within its terms. It is not intended either to abridge or enlarge substantive rights available under applicable law. The Plan contractually modifies the "at-will" employment relationship between the Company and its Employees, but only to the extent expressly stated in this Plan. The Plan should be interpreted in accordance with these purposes.

2.    **Definitions**

A.    "AAA" means the American Arbitration Association.

B.              "JAMS" means Judicial Arbitration and Mediation Services.

C.    "CPR" means the Center for Public Resources.

D.    The "Act" means the Federal Arbitration Act, 9 U.S.C. § 1, et seq., as amended from time to time.

E.    "Company" means Sponsor and every subsidiary (first tier and downstream) of Sponsor, any Electing Entity, any entity or person alleged to have joint and several liability concerning any Dispute, and all of their directors, officers, employees, and agents, every plan of benefits, whether or not tax-exempt, established or maintained by any such entity, the fiduciaries, agents and employees of all such plans, and the successors and assigns of all such entities, plans and persons; provided, however, that in the case of an Electing Entity, "Company" shall include the Electing Entity only to the extent provided in the Electing Entity's agreement to be bound by the Plan.

F.    "Dispute" means all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, between persons bound by the Plan or by an agreement to resolve Disputes under the Plan, or between a person bound by the Plan and a person or entity otherwise entitled to its benefits, including, but not limited to, any matters with respect to:

1.    this Plan;

2.    the employment or potential reemployment of an Employee, including the terms, conditions, or termination of such employment with the Company;

3.    employee benefits or incidents of employment with the Company;

2

4.    any other matter related to or concerning the relationship between the Employee and the Company including, by way of example and without limitation, allegations of: discrimination based on race, sex, religion, national origin, age, veteran status or disability; sexual or other kinds of harassment; workers' compensation retaliation; defamation; infliction of emotional distress; or status, claim or membership with regard to any employee benefit plan;

5.    an Applicant's application for employment and the Company's actions and decisions regarding such application; and

6.    any personal injury allegedly incurred in or about a Company workplace.

"Dispute" includes all such matters regardless of when the events on which they are based occurred, including matters based on events occurring before the Employee became subject to this Plan (so long as such disputes were not previously asserted in a judicial forum) or after termination of the employment relationship.

G.    "Electing Entity" means any legal entity which has agreed to be bound by the Plan as provided herein.

H.    "Employee" means any person who is or has been in the employment of the Company on or after the effective date of this Plan, whether or not employed at the time a claim is brought with respect to a Dispute, residing in the United States, or otherwise subject to the laws of the United States or any state, municipality, or other political subdivision of the United States.

I.    "Applicant" means any person who is seeking or has sought employment with the Company after the effective date of this Plan.

J.    "Party" means, with respect to a particular Dispute, affected persons and / or entities bound by this Plan.

K.    "Plan" means this Halliburton Dispute Resolution Plan, as amended from time to time.

L.    "Rules" means the Halliburton Dispute Resolution Rules, as amended from time to time, which are applicable to mediation and arbitration.

M.    "Sponsor" means The Halliburton Company, a Delaware Corporation.

3.    **Name, Application and Coverage**

A.    The Plan shall be referred to as the "Halliburton Dispute Resolution Plan." Alternatively, it may be referred to as the "Halliburton Dispute Resolution Program" or the "Dispute Resolution Program. "

B.    Until revoked by Sponsor pursuant to this Plan, this Plan applies to and binds the Company, each Employee and Applicant and the heirs, beneficiaries and assigns of any such person or entity; provided, however, that this Plan shall not apply to any Employee in a unit of Employees represented by a labor organization, or to the Company with respect to such employees, except to the extent permitted in an

applicable collective bargaining agreement or lawfully imposed by the Company when no collective bargaining agreement is in effect.

C.    Except as provided for herein, this Plan applies to any Dispute.

D.    Notwithstanding anything to the contrary in this Plan, the Plan does not apply to claims for workers' compensation benefits or unemployment compensation benefits.

E.    Mediation and arbitration are only available for Disputes involving legally protected rights.

F.    Notwithstanding any other provision hereof, any court with jurisdiction over the Parties may issue any injunctive orders (including preliminary injunctions) if the necessary legal and equitable requirements under applicable law are met pending the institution of proceedings under the Plan.

## 4.    Resolution of Disputes

All Disputes not otherwise settled by the Parties shall be finally and conclusively resolved under this Plan and the Rules.

## 5.    Confidentiality

A.    The Dispute Resolution Program ("Program"), its Administrator, any subordinate administrators, the staff of the Program and any other person conducting conferences or serving as an impartial third party on behalf of the Program in any in-house dispute resolution process conducted under the auspices of the Program, will hold matters reported under the Program and related communications in confidence, in keeping with the Standards of Practice and the Code of Ethics of The Ombudsman Association. The Code of Ethics and the Standards of Practice of The Ombudsman Association are incorporated into this plan by reference and appended.

For purposes of requests by or subpoenas from any party that the Program Administrator or any subordinate administrators, or any member of the staff of the Program or person conducting conferences or serving as an impartial third party on behalf of the Program in any in-house dispute resolution process conducted under the auspices of the Program, provide testimony in any internal or external investigation, administrative hearing, or arbitration or litigation proceeding, the confidentiality standards described in this section attach to the Dispute Resolution Program, rather than any individual disputant. This means that only the Program, rather than any individual disputant, may waive confidentiality, and the Program may only waive confidentiality, even upon request or subpoena by a disputant, under circumstances consistent with The Ombudsman Association Code of Ethics and Standards of Practice.

B.    No employee shall be subject to any form of discipline or retaliation for initiating or participating in good faith in any process or proceeding under this Plan.

## 6.    Amendment

A.    This Plan may be amended by Sponsor at any time by giving at least 10 days notice to current Employees. However, no amendment shall apply to a Dispute for which a proceeding has been initiated pursuant to the Rules.

B.  Sponsor may amend the Rules at any time by serving notice of the amendments on AAA, JAMS, and CPR.  However, no amendment of the Rules shall apply to a Dispute for which a proceeding has been initiated pursuant to the Rules.

7.  **Termination**

This Plan may be terminated by Sponsor at any time by giving at least 10 days notice of termination to current Employees.  However, termination shall not be effective as to Disputes for which a proceeding has been initiated pursuant to the Rules prior to the date of termination.

8.  **Applicable Law**

A.  The Act shall apply to this Plan, the Rules, and any proceedings under the Plan or the Rules, including any actions to compel, enforce, vacate or confirm proceedings, awards, orders of an arbitrator, or settlements under the Plan or the Rules.

B.  Other than as expressly provided herein, or in the Rules, the substantive legal rights, remedies, and defenses of all Parties are preserved. In the case of arbitration, the arbitrator shall have the authority to determine the applicable law and to order any and all relief, legal or equitable, including punitive damages, which a Party could obtain from a court of competent jurisdiction on the basis of the claims made in the proceeding.

C.  Other than as expressly provided herein, or in the Rules, the Plan shall not be construed to grant additional substantive, legal, or contractual rights, remedies or defenses which would not be applied by a court of competent jurisdiction in the absence of the Plan.

D.  Notwithstanding the provisions of the preceding subsection, in any proceeding before an arbitrator, the arbitrator, in his discretion, may allow a prevailing Employee or Applicant a reasonable attorney's fee as part of the award. The discretion to allow an award of fees under this subsection is in addition to any discretion, right or power which the arbitrator may have under applicable law. However, any award of fees shall be reduced by any amounts which have been or will be paid by the Halliburton Employee Legal Assistance Plan.

9.  **Administrative Proceedings**

A.  This Plan shall apply to a Dispute pending before any local, state or federal administrative body or court unless prohibited by law.

B.  Participation in any administrative or judicial proceeding by the Company shall not affect the applicability of the Plan to any such Dispute upon termination of the administrative or judicial proceedings. A finding, recommendation or decision by an administrative body on the merits of a Dispute shall have the same legal weight or effect under the Plan as it would in a court of competent jurisdiction.

10.  **Exclusive Remedy**

Proceedings under the Plan shall be the exclusive, final and binding method by which Disputes are resolved.

5

11. **Electing Corporations**

    A.    Corporations or other legal entities, not otherwise Parties, may elect to be bound by this Plan by written agreement with Sponsor.

    B.    Election may be made only as to some types of Disputes, or only as to some persons, in the discretion of Electing Entity.

12. **Effective Date**

The effective date of this Plan shall be June 15, 1993, as amended as of August 15, 1999.

13. **Severability**

The terms of this Plan and the Rules are severable. The invalidity or unenforceability of any provision therein shall not affect the application of any other provision. Where possible, consistent with the purposes of the Plan, any otherwise invalid provision of the Plan or the Rules may be reformed and, as reformed, enforced.

14. **Administration**

Sponsor shall appoint one or more persons to administer the Plan who shall be known as the "Dispute Resolution Plan Administrator." The Dispute Resolution Plan Administrator shall be responsible for the management and administration of the Plan.

15. **Assent**

Employment or continued employment after the Effective Date of this Plan constitutes consent by both the Employee and the Company to be bound by this Plan, both during the employment and after termination of employment. Submission of an application, regardless of form, for employment constitutes consent by both the Applicant and the Company to be bound by this Plan.

# HALLIBURTON DISPUTE
# RESOLUTION RULES

1.    **Definitions**

All definitions included in the Halliburton Dispute Resolution Plan apply to these Rules.

2.    **Application**

A.    If different rules are applicable to a specific class of Disputes, and have been adopted by Sponsor and served on AAA, JAMS, or CPR, these Rules shall not apply to such class of Disputes.

B.    These Rules apply in the form existing at the time proceedings are initiated under them.

C.    To the extent consistent with these Rules, the Employment Dispute Resolution Rules of AAA, JAMS, or CPR also apply to all proceedings governed by these Rules.

3.    **Initiation of the Process**

A.    A party may initiate proceedings under these Rules at any time, subject to any defenses including those applicable to the timeliness of the claim, including limitations and laches.

B.    A party may initiate proceedings by serving a written request to initiate proceedings on AAA, JAMS, or CPR and tendering the appropriate administrative fee.

C.    Copies of the request shall be served on all other parties to the Dispute by AAA, JAMS, or CPR. The request shall describe the nature of the Dispute, the amount involved, if any, the remedy sought, and the proceeding locale requested.

D.    Proceedings may also be initiated by an Employee or Applicant by serving a written request to initiate proceedings on the Company's Dispute Resolution Plan Administrator. In such a case, the Company shall promptly forward any properly served request it has received to AAA, JAMS, or CPR.

E.    Parties against whom a claim is asserted shall file an answering statement within 21 days of receiving notice of intent to arbitrate or a specification of claims, which shall include any counterclaims and any request that the arbitrator (if any) prepare a statement of reasons for the award.

4.    **Administrative Conference**

AAA, JAMS, or CPR shall convene an administrative conference as soon as possible after receipt of the answering statement or after expiration of the time for filing an answering statement if one has not been filed. The conference may be held in person or by telephone. At the conference, AAA, JAMS, or CPR will determine whether the Parties are in agreement on a method to resolve the Dispute. If the Parties are in agreement, AAA, JAMS, or CPR will implement the procedure in accordance with their rules upon payment of any applicable fee. If the Parties cannot agree, or if the Parties have previously attempted and failed to resolve

7

the Dispute by mediation or another nonbinding mechanism, the Dispute shall be arbitrated under these Rules.

5.    **Appointment of Arbitrator**

Immediately after payment of the arbitration fee, AAA, JAMS, or CPR shall simultaneously send each party an identical list of names of persons chosen from a panel of qualified arbitrators which AAA, JAMS, or CPR shall select and maintain. Each Party to the Dispute shall have fourteen (14) days from the transmittal date to strike any names objected to, number the remaining names in order of preference, and return the list to AAA, JAMS, or CPR. If a party does not return the list within the time specified, all persons therein shall be deemed acceptable. From among the persons who have been approved on both lists, and in accordance with the order of mutual preference, AAA, JAMS, or CPR shall invite the acceptance of the arbitrator to serve. Any party shall have the right to strike one list of arbitrators in its entirety. When a party exercises this right, AAA, JAMS, or CPR shall issue a new list of arbitrators consistent with the above procedures.

6.    **Qualifications of the Arbitrator**

No person shall serve as an arbitrator in any matter in which that person has any financial or personal interest. Prior to accepting appointment, the prospective arbitrator shall disclose any circumstance likely to prevent a prompt hearing or create a presumption of bias. Upon receipt of such information from the arbitrator or any other source, AAA, JAMS, or CPR will either replace that person or communicate the information to the Parties for comment. Thereafter, AAA, JAMS, or CPR may disqualify that person, and its decision shall be conclusive.

7.    **Vacancies**

If a vacancy occurs for any reason or if an appointed arbitrator is unable to serve promptly, the appointment procedure in Section 5 shall apply to the selection of a substitute arbitrator.

8.    **Date, Time and Place of Hearings**

A.    The arbitrator shall set the date, time and place of any proceeding.

B.    Notice of any hearing shall be given at least ten (10) days in advance, unless the arbitrator determines or the Parties agree that a shorter time is necessary.

C.    The arbitrator shall make every effort, without unduly incurring expense, to accommodate the Employee or Applicant in the selection of a proceeding location.

9.    **Conferences**

At the request of AAA, JAMS, or CPR or of a Party or on the initiative of the arbitrator, the arbitrator or AAA, JAMS, or CPR may notice and hold conferences for the discussion and determination of any matter which will expedite the proceeding, including:

A.    venue,

B.    clarification of issues,

C.    determination of preliminary issues, including summary determination of dispositive legal issues,

    D.       discovery,

    E.       the time and location of proceedings or conferences,

    F.       interim legal or equitable relief authorized by applicable law,

    G.       pre- or post-hearing memoranda,

    H.       stipulations; and / or

    I.       any other matter of substance or procedure.

**10.    Mode of Hearings and Conferences**

In the discretion of the arbitrator or by agreement of the Parties, conferences and hearings may be conducted by telephone or by written submission, as well as in person.

**11.    Pre-hearing Discovery**

    A.       On any schedule determined by the arbitrator, each Party shall submit in advance, the names and addresses of the witnesses it intends to produce and any documents it intends to present.

    B.       The arbitrator shall have discretion to determine the form, amount and frequency of discovery by the Parties.

    C.       Discovery may take any form permitted by the Federal Rules of Civil Procedure, as amended from time to time, subject to any restrictions imposed by the arbitrator.

**12.    Representation**

Any party may be represented by counsel or by any other authorized representative.

**13.    Attendance at Hearings**

The arbitrator shall maintain the privacy of the proceedings to the extent permitted by law. Any person having a direct interest in the matter is entitled to attend the proceedings.

The arbitrator shall otherwise have the power to exclude any witness, other than a Party or other essential person, during the testimony of any other witness. The arbitrator shall determine whether any other person may attend the proceeding. Upon the request of any Party, the arbitrator shall exclude any witness during the testimony of any other witness.

**14.    Postponement**

    A.       The arbitrator, for good cause shown by a Party, or on agreement of the Parties, may postpone any proceeding or conference.

    B.       The tendency of court proceedings related to the same matter is not good cause for postponement.

15.     **Oaths**

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if required by law or requested by any Party, shall do so.

16.     **Record of Proceedings**

There shall be no stenographic, audio, or video record of the proceedings unless either requested by one of the Parties or specified by the arbitrator. The Party requesting the record shall bear the entire cost of producing the same. Copies of the record shall be furnished to all other Parties upon request and upon payment of the cost of reproduction.

17.     **Procedure**

The proceedings shall be conducted by the arbitrator in whatever order and manner will most expeditiously permit full presentation of the evidence and arguments of the Parties.

18.     **Arbitration in the Absence of a Party**

The arbitrator may proceed in the absence of Parties or representatives who, after due notice, fail to be present or fail to obtain a postponement. An award shall not be made solely on the default of a Party. The arbitrator shall require any Party who is present to submit such evidence as the arbitrator may require for the making of an award.

19.     **Evidence**

A.      The arbitrator shall be the sole judge of the relevancy, materiality, and admissibility of evidence offered. Conformity to legal rules of evidence shall not be necessary.

B.      The arbitrator may subpoena witnesses or documents at the request of a Party or on the arbitrator's own initiative.

C.      The arbitrator may consider the evidence of witnesses by affidavit or declaration, but shall give it only such weight as the arbitrator deems appropriate after consideration of any objection made to its admission.

20.     **Post-Hearing Submissions**

All documentary evidence to be considered by the arbitrator shall be filed at the hearing unless the arbitrator finds good cause to permit a post-hearing submission. All Parties shall be afforded an opportunity to examine and comment on any post-hearing evidence. The arbitrator shall permit the filing of post-hearing briefs at the request of a Party and shall determine the procedure and timing of such filings.

21.     **Closing and Reopening of Proceedings**

A.      When the arbitrator is satisfied that the record is complete, including the submission of any post-hearing briefs or documents permitted by the arbitrator, the arbitrator shall declare the proceeding closed.

B.   The proceeding may be reopened on the arbitrator's initiative or upon application of a Party at any time before the award is made.

**22.   Waiver of Procedures**

Any Party who fails to object in writing, after knowledge that any provision or requirements of these procedures and Rules have not been complied with, shall be deemed to have waived the right to object.

**23.   Service of Notices and Papers**

Any papers, notices, or process necessary or proper for the initiation or continuation of any proceeding under these Rules (including the award of the arbitrator, any court action in connection therewith, or the entry of judgment on an award made under these procedures) may be served on a Party by mail addressed to the Party or his or her representative at the last known address or by personal service. AAA, JAMS, CPR, the Parties, and the arbitrator may also use facsimile transmission, telex, telegram, or other written forms of electronic communication to give any notices required by these Rules.

**24.   Communications with the AAA, JAMS, CPR and the Company**

A.   Any Party may notice, serve or communicate with AAA by contacting:

American Arbitration Association
1750 Two Galleria Tower
13455 Noel Road
Dallas, Texas 77520
(972) 774-6958 or (800) 804-8865
Fax: (972) 490-9008

B.   Any Party may notice, serve or communicate with JAMS by contacting:

JAMS
8401 North Central Expressway Suite 610
Dallas, TX 75225
(214) 744-5267 or (800) 352-5267
Fax:  (214) 720-6010

C.   Any Party may notice, serve or communicate with CPR by contacting:

Center for Public Resources
366 Madison Avenue
New York, NY  10017-3122
(212) 949-6490
Fax:  (212) 949-8859

Any Party may notice, serve or communicate with the Company by contacting:

11

Dispute Resolution Program
Administrator
The Halliburton Company
4100 Clinton Drive
Houston, Texas 77020-6299
(713) 676-5383
Fax: (713) 676-4470

**25.    Communication with the Arbitrator**

There shall be no communication between the Parties and the arbitrator other than at any oral hearings or conferences. Any other oral or written communications from the Parties to the arbitrator shall be directed to the AAA, JAMS, or CPR (and copied to the Parties) for transmission to the arbitrator, unless the Parties and the arbitrator agree otherwise.

**26.    Time of Award**

The award shall be promptly made by the arbitrator, unless otherwise agreed by the Parties or specified by applicable law, no later than thirty (30) days from the date of the closing of the proceeding or, if applicable, the closing of a reopened proceeding.

**27.    Form of Award**

The award shall be in writing and shall be signed by the arbitrator. The arbitrator shall write a statement of reasons for the award if requested to do so in the request to initiate proceedings or in the answering statement. The award shall be executed in any manner required by applicable law.

**28.    Modification of Award**

On order of a court of competent jurisdiction, or on agreement of the Parties, the arbitrator shall modify any award. The arbitrator may modify an award on the motion of a Party if the arbitrator finds that the award, as rendered, is ambiguous or defective in form, or if the award requires an illegal or impossible act. These are the only circumstances under which an arbitrator shall have jurisdiction to withdraw or modify an award.

**29.    Settlement**

If the parties settle their Dispute during the course of the arbitration, the arbitrator may set out the terms of the settlement in a consent award.

**30.    Scope of Arbitrator's Authority**

The arbitrator's authority shall be limited to the resolution of legal Disputes between the Parties. As such, the arbitrator shall be bound by and shall apply applicable law including that related to the allocation of the burden of proof as well as substantive law. The arbitrator shall not have the authority either to abridge or enlarge substantive rights available under applicable law. The arbitrator may also grant emergency or temporary relief which is or would be authorized by applicable law. The arbitrator shall be bound by and shall comply with the provisions of the Plan and Rules.

12

31.    **Judicial Proceedings and Exclusion of Liability**

   A.    Neither AAA, JAMS, CPR, nor any arbitrator is a necessary party in any judicial proceedings relating to proceedings under these Rules.

   B.    Neither AAA, JAMS, CPR, nor any arbitrator shall be liable to any Party for any act or omission in connection with any proceedings within the scope of these Rules.

   C.    Any court with jurisdiction over the Parties may compel a Party to proceed under these Rules at any place and may enforce any award made.

   D.    Parties to these Rules shall be deemed to have consented that judgment upon the award of the arbitrator may be entered and enforced in any federal or state court having jurisdiction of the Parties.

   E.    Initiation of, participation in, or removal of a legal proceeding shall not constitute waiver of the right to proceed under these Rules.

   F.    Any court with jurisdiction over the Parties may issue any injunctive orders (including preliminary injunctions) if the necessary legal and equitable requirements under applicable law are met pending the institution of proceedings under these Rules.

32.    **Fees and Expenses**

   A.    The expenses of witnesses shall be borne by the Party producing such witnesses, except as otherwise provided by law or in the award of the arbitrator.

   B.    All attorney's fees shall be borne by the Party incurring them except as otherwise provided by law, by the Plan, or in the award of the arbitrator.

   C.    Discovery costs (e.g., court reporter fees for original transcripts) shall be borne by the Party initiating the discovery. The cost of copies of deposition transcripts or other discovery shall be borne by the Party ordering the copy.

   D.    The fees and expenses of experts, consultants and others retained or consulted by a Party shall be borne by the Party utilizing those services.

   E.    The Employee or Applicant shall pay a $50 fee if he or she initiates arbitration or mediation. Otherwise, Employee/Applicant Parties shall not be responsible for payment of fees and expenses of proceedings under these Rules including required travel of an arbitrator or a mediator, expenses of an arbitrator, mediator, AAA, JAMS, or CPR, and the cost of any proof produced at the discretion of an arbitrator.

   F.    If the demand for mediation or arbitration is initiated by the Company, such fees will be paid by the Company.

   G.    Except as otherwise provided by law or in the award of the arbitrator, all other expenses, fees and costs of proceedings under these Rules shall be borne equally by the Parties who are not Employees/Applicants.

13

33.    **Interpretation and Application of These Rules**

The arbitrator shall interpret and apply these Rules insofar as they relate to the arbitrator's powers and duties. All other rules shall be interpreted and applied by the AAA, JAMS, or CPR.

34.    **Applicable Law**

A.    Proceedings under these Rules and any judicial review of awards shall be governed by the Act.

B.    Except where otherwise expressly provided in these Rules, the substantive law applied shall be state or federal substantive law which would be applied by a United States District Court sitting at the place of the proceeding.

35.    **Mediation**

At any time before the proceeding is closed, the Parties may agree to mediate their dispute by notifying AAA, JAMS, or CPR. AAA, JAMS, or CPR shall determine what procedures apply to any such mediation.

3293; rh2189; nip8376 - 06/02/99 1:50 p.m.
f:\dsg\word97\may99\dispute1.doc

# APPENDIX

# THE OMBUDSMAN ASSOCIATION

## *Code of Ethics*

*The ombudsman, as a designated neutral, has the
responsibility of maintaining strict confidentiality
concerning matters that are brought to his/her attention
unless given permission to do otherwise. The only
exceptions, at the sole discretion of the ombudsman, are
where there appears to be imminent threat of serious harm.*

*The ombudsman must take all reasonable steps to protect
any records and files pertaining to confidential discussions
from inspection by all other persons, including management.*

*The ombudsman should not testify in any formal judicial or
administrative hearing about concerns brought to his/her
attention.*

*When making recommendations, the ombudsman has the
responsibility to suggest actions or policies that will be
equitable to all parties.*

\*The Ombudsman Association

Reprinted by permission of The Ombudsman Association of American, 1997.

THE OMBUDSMAN ASSOCIATION

# STANDARDS OF PRACTICE

© 1995

**The mission of the organizational ombudsman is to provide a confidential, neutral and informal process which facilitates fair and equitable resolutions to concerns that arise in the organization. In performing this mission, the ombudsman serves as an information and communication resource, upward feedback channel, advisor, dispute resolution expert and change agent.**

**While serving in this role:**

*1.* We adhere to The Ombudsman Association Code of Ethics.

*2.* We base our practice on <u>confidentiality</u>.

**2.1** An ombudsman should not use the names of individuals or mention their employers without express permission.

**2.2** During the problem-solving process an ombudsman may make known information as long as the identity of the individual contacting the office is not compromised.

**2.3** Any data that we prepare should be scrutinized carefully to safeguard the identity of each individual whose concerns are represented.

**2.4** Publicity about our office conveys the confidential nature of our work.

*3.* We assert that there is a <u>privilege</u> with respect to communications with the ombudsman and we resist testifying in any formal process inside or outside the organization.

**3.1** Communications between an ombudsman and others (made while the ombudsman is serving in that capacity) are considered privileged. Others cannot waive this privilege.

**3.2** We do not serve in any additional function in the organization which would undermine the privileged nature of our work (such as compliance of officer, arbitrator, etc.)

**3.3** An ombudsman keeps no case records on behalf of the organization. If an ombudsman finds case notes necessary to manage the work, the ombudsman should establish and follow a

consistent and standard practice for the destruction of any such written notes.

*3.4* When necessary, the ombudsman's office will seek judicial protection for staff and records of the office. It may be necessary to seek representation by separate legal counsel to protect the privilege of the office.

*4.* We exercise discretion whether to act upon a concern of an individual contacting the office. An ombudsman may initiate action on a problem he or she perceives directly.

*5.* We are designated neutrals and remain independent of ordinary line and staff structures. We serve no additional role (within an organization where we serve as ombudsman) which would compromise this neutrality.

*5.1* An ombudsman strives for objectivity and impartiality.

*5.2* The ombudsman has a responsibility to consider the concerns of all parties known to be involved in a dispute.

*5.3* We do not serve as advocates for any person in a dispute within an organization; however, we do advocate for fair processes and their fair administration.

*5.4* We help develop a range of responsible options to resolve problems and facilitate discussion to identify the best options. When possible, we help people develop new ways to solve problems themselves.

*5.5* An ombudsman should exercise discretion before entering into any additional affiliations, roles or actions that may impact the neutrality of the function within the organization.

*5.6* We do not make binding decisions, mandate policies or adjudicate issues for the organization.

*6.* We remain an informal and off-the-record resource. Formal investigations - for the purpose of adjudication - should be done by others. In the event that an ombudsman accepts a request to conduct a formal investigation, a memo should be written to file noting this action as an exception to the ombudsman role. Such investigations should not be considered privileged.

*6.1* We do not act as agent for the organization and we do not accept notice on behalf of the organization We do always refer individuals

to the appropriate place where formal notice can be made.

6.2 Individuals should not be required to meet with an ombudsman. All interactions with the ombudsman should be voluntary.

7. We foster communication about the philosophy and function of the ombudsman's office with the people we serve.

8. We provide feedback on trends, issues, policies and practices without breaching confidentiality or anonymity. We identify new problems and we provide support for responsible systems change.

9. We keep professionally current and competent by pursuing continuing education and training relevant to the ombudsman profession.

10. We will endeavor to be worthy of the trust placed in us.

Reprinted by permission of The Ombudsman Association of American, 1997.

0504060004311



**A    C    S°**

## ACCEPTANCE OF, AND AGREEMENT TO,
## ACS' DISPUTE RESOLUTION PLAN

I have applied for employment with ACS. I recognize that ACS has adopted a Dispute Resolution Plan ("DRP") effective April 13, 2002 as the exclusive remedy for resolving the vast majority of workplace concerns and disputes. I understand and agree that the DRP will be the exclusive means for resolving any dispute or claim concerning my application for employment or the terms and conditions of my employment with Affiliated Computer Services. I understand that ACS' consideration of my application for employment and any offer of employment that may be made to me are contingent on my acceptance of the DRP as the exclusive means for resolving all disputes covered under the DRP. Any arbitration proceedings under the DRP shall be conducted by the American Arbitration Association or Judicial Arbitration and Mediations Services under ACS' Dispute Resolution Plan & Rules as published and in effect at the time a demand for arbitration is made. A decision and award of the arbitrator made under those rules shall be exclusive, final and binding on both parties, their heirs, executors, administrators, successors and assigns. The costs and expenses of the arbitration shall be borne as set out in the rules. I understand that by signing this document, I am waiving any right I might otherwise have to have a jury or judge resolve any claim I might have against Affiliated Computer Services.

I understand and agree that employment is at the mutual consent of both ACS and me. I understand that either ACS or I can terminate the employment relationship at will, at any time, for any reason or no reason, with or without cause or advance notice. I understand that nothing in the DRP implies otherwise and agree that no terms or conditions of the DRP should be interpreted as establishing any form of employment contract.

Dated: _7/30/02_

_ROGER BYRON HARGRAVE_
Printed Employee Name

_Roger B. Hargrave_
Signature

EXHIBIT
A-2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

ROGER B. HARGRAVE # 335903,      *
Jessup Correctional Institute        *     C.A. NO. 2008 CA 001251 B
P.O.B. 534                          *
Jessup, MD 20794,            *
         PLAINTIFF       *
                            *
VS.                            *
                            *
ACS HCM & STATE & LOCAL     *
    SOLUTIONS,            *
P.O.Box 1014              *
Totowa, NJ 07511-1014,      *
         DEFENDANT    *
                            *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>AMENDED NOTICE OF FILING A NOTICE OF REMOVAL</u>

**TO:**    **The Honorable Judges of the Superior Court of DC**
         **The Honorable Duane B. Delaney, Clerk, Superior Court of DC**

PLEASE TAKE NOTICE that on April 18th, 2008, the defendant, ACS HCM Solutions,

through undersigned counsel, sent, via certified mail, to the Clerk of the United States District

Court for the District of Columbia, its Notice of Removal in the above-captioned matter. A true

and correct copy of the Notice of Removal is attached hereto. This notice is given pursuant to 28

U.S.C. §1446(d).

Respectfully submitted,

_Thomas Woodford_
THOMAS J. WOODFORD **(DC Bar No. 416015)**
Jackson Myrick
The Kullman Firm PLC
Post Office Box 1287
Mobile, Alabama 36633
(251) 432-1811



SAMUEL ZURIK, III (LSBA 24716)
A. NICOLE SEALE (LSBA )
The Kullman Firm, A Professional Law
Corporation
1600 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 524-4162

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

By my signature below, I certify that on this 18th day of April, 2008, a copy of the

foregoing Notice of Removal has been served on Petitioner (who is Pro-Se) by U.S. First Class

mail, Postage Pre-Paid, as follows:

Roger B. Hargrave
Jessup Correctional Institution
Jessup, MD 20794

_Thomas Woodford_
Thomas J. Woodford

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __88888__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

pro - se

ATTORNEYS (IF KNOWN)

Thomas J. Woodford, Esq.
Samuel Zurik, III, Esq.
A. Nicole Seale, Esq.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. *General Civil (Other)* OR ☒ F. *Pro Se General Civil*

| | | | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ **G.  Habeas Corpus/ 2255** ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ **H.  Employment Discrimination** ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **I.  FOIA/PRIVACY ACT** ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ **J.  Student Loan** ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.  Labor/ERISA (non-employment)** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.  Other Civil Rights (non-employment)** ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ **M.  Contract** ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ **N.  Three-Judge Court** ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
This is a request to remove a wrongful termination case where the Plaintiff is a Maryland resident and the sole Defendant, ACS HCM State & Local Solutions, is a Texas Corporation.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction) ☐ YES   ☒ NO   If yes, please complete related case form.

**DATE**                **SIGNATURE OF ATTORNEY OF RECORD**

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Roger G. Hargrave_
Plaintiff

v.                              Civil Action No.  **08 0682**

                                                 `APR 2 1 2008`

_ACS HCM + State + Local Solutions_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **BATES, J. JDB**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials.)

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

cc: _Roger B. Hargrave_

929A
Rev. 7/02