UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROGER B. HARGRAVE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-0682 (JDB) |
| ACS HCM STATE & LOCAL SOLUTIONS, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Roger B. Hargrave, proceeding pro se, has filed a motion to appeal the adverse judgment of the arbitrator in this case. Defendant ACS HCM State & Local Solutions ("ACS") opposes the motion. For the reasons stated, plaintiff's motion will be denied and the case will be dismissed.

I.  BACKGROUND

Hargrave was an at-will employee of ACS who signed an agreement shortly after he was hired to resolve any employment dispute through ACS's Dispute Resolution Plan ("DRP"). *See* ACS' Motion to Dismiss, Ex. A-2 ("Acceptance of, and Agreement to, ACS's Dispute Resolution Plan" ("Acceptance")). The Acceptance that Hargrave signed states in pertinent part as follows:

> I understand and agree that the DRP will be the exclusive means for resolving any dispute or claim concerning . . . the terms and conditions of my employment with [ACS]. . . . A decision and award of the arbitrator . . . shall be exclusive, final and binding on both parties . . . . I understand that by signing this document, I am waiving any right I might otherwise have to have a jury or judge resolve any claim

> I might have against Affiliated Computer Services. . . . I understand and agree that employment is at the mutual consent of both ACS and me. I understand that either ACS or I can terminate the employment relationship at will, at any time, for any reason or no reason, with or without cause or advance notice.

*Id.*

ACS terminated Hargrave's employment in March 2005 and in February 2008, Hargrave filed an action in the Superior Court for the District of Columbia alleging wrongful termination. *See* Notice of Removal, Ex. 1 (Complaint filed in Superior Court for the District of Columbia). Asserting diversity jurisdiction, ACS removed the case to this Court and filed a motion under 9 U.S.C. § 4 to compel arbitration in accordance with the Acceptance that Hargrave had signed. ACS sought to either dismiss the complaint or stay the proceedings pending the arbitration decision. Hargrave consented to a stay of the proceedings before this Court for the purpose of proceeding with arbitration.

The arbitration process, in which Hargrave participated pro se, concluded with a final order by the arbitrator dismissing all of Hargrave's claims with prejudice. *See* Fourth Status Report, June 19, 2009, Ex. 1 (Arbitration "Order on ACS's Motion to Dismiss and Final Award," June 1, 2009 ("Arbitrator's Award")). The arbitrator concluded that the evidence showed that Hargrave was an at-will employee and that Hargrave's allegations of wrongful termination failed to state a claim upon which relief could be granted. *See* Arbitrator's Award at 4. She also concluded that any intended claim of race discrimination failed to state a claim upon which relief may be granted because Hargrave did not timely pursue his administrative remedies as required by law. *Id.* at 4-5. Finally, she concluded that any intended claim for worker's compensation

retaliation was not sufficiently pled, and in any case was barred by the applicable statute of limitations.  *Id.* at 5.

After being notified that the arbitration had concluded in a final award, this Court issued an order requiring Hargrave to show cause why the case should not be dismissed.  *See* Order, June 23, 2009.  In response, Hargrave moved for leave to appeal the arbitrator's award.  Hargrave's motion states that he had "assumed that the scheduling order would commence, until all final depositions etc were received, written summary etc."  Motion for Leave to Appeal Judgment ¶ 1.  The motion further appears to state that Hargrave filed a written summary on June 3, 2009, but the arbitrator's decision and award was dated June 1, 2009.  *See id.* ¶¶ 2-3.  Finally, the motion asserts that in March 2005, Hargrave sent a letter of complaint to ACS's Ethics Office, which the Ethics Office did not forward to the EEOC.  *See id.* ¶ 4.

## II.  DISCUSSION

As the Supreme Court has explained:

> [W]here the party has agreed to arbitrate, he or she, in effect, has relinquished much of th[e] . . . practical value [of having a court review the arbitrator's decision].  The party still can ask a court to review the arbitrator's decision, but the court will set that decision aside only in very unusual circumstances.  *See, e.g.*, 9 U.S.C. § 10 (award procured by corruption, fraud, or undue means; arbitrator exceeded his powers) . . . .

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995).  Federal law provides that only in the narrow circumstances listed below may a district court set aside an arbitrator's decision:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

>  (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

In this case, it is undisputed that Hargrave agreed to arbitrate his employment disputes or claims. Although he appeals the arbitrator's decision, his motion does not offer any allegations or facts to suggest that the arbitration proceeding was infected with corruption, fraud, undue means, partiality, or misconduct by the arbitrator causing prejudice to Hargrave, or that the arbitrator exceeded her powers or imperfectly executed them. While his motion could be read to imply that he was surprised to learn that a motion to dismiss may be decided without taking evidence, such a surprise falls well short of evidence of prejudicial misconduct by the arbitrator. Hargrave's only other point — that ACS did not forward his discrimination complaint to the EEOC — is misplaced, as it is Hargrave's burden to lodge a complaint with the proper administrative authorities within the time allowed. Furthermore, a review of the arbitrator's decision shows that she allowed Hargrave an additional opportunity to amend his complaint. *See* Arbitrator's Award at 3. Then she considered and correctly determined the only claim that Hargrave has attempted to put before this Court, the claim of wrongful termination. *Id.* at 4. In addition, apparently taking account of Hargrave's pro se status, the arbitrator construed and considered additional claims and correctly decided them. *Id.* at 4-5. In short, the record before

the Court affords no basis consistent with 9 U.S.C. § 10 upon which to set aside the Arbitrator's Award.

## III.  CONCLUSION

For the reasons stated above, plaintiff's motion to appeal the Arbitrator's Award will be denied and this case will be dismissed.  A separate final order accompanies this memorandum opinion.

/s/
JOHN D. BATES
Date:  October 9, 2009                          United States District Judge